U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

APR 2 0 2016

CLERK, U.S. DISTRICT COURT
By _____
              Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

KIMBERLY K. SINGLETON,            §
                                  §
          Plaintiff,              §
                                  §
VS.                               §    NO. 4:15-CV-100-A
                                  §
U.S. BANK NATIONAL ASSOCIATION    §
AS TRUSTEE FOR RESIDENTIAL        §
ASSET SECURITIES CORPORATION,     §
HOME EQUITY MORTGAGE ASSET-       §
BACKED PASS-THROUGH               §
CERTIFICATES, SERIES 2006-KS7,    §
ET AL.,                           §
                                  §
          Defendants.             §

MEMORANDUM OPINION
and
ORDER

Now before the court is the motion for summary judgment[1]

filed in the above-captioned action by defendants, U.S. Bank

National Association as Trustee for Residential Asset Securities

Corporation, Home Equity Mortgage Asset-Backed Pass-Through

Certificates, Series 2006-KS7 (sometimes "U.S. Bank"), and Ocwen

Loan Servicing LLC (sometimes "Ocwen") (collectively

"defendants"). Plaintiff, Kimberly K. Singleton, filed a response

and defendants filed a reply. Having considered all of the

_____

[1] Even after unfiling defendants' earlier motion for summary judgment due in part to citation problems, defendants' motion and related filings still include citation errors. Many of the same problems apply to plaintiff's fillings. The court has attempted to locate the documents cited by the parties despite this poor briefing. In some instances, the court has been unable to discern where in the record information is located, if it is present at all.

parties' filings, the summary judgment record,[2] and the applicable legal authorities, the court concludes that the motion should be granted.

## I.

### Background

Plaintiff initiated this action on September 5, 2014, by filing an original petition in the 355th Judicial District Court of Hood County, Texas.[3] On February 10, 2015, defendants removed the action on the basis of diversity jurisdiction.[4] The dispute centers around a home equity note and security instrument executed by plaintiff and her then-husband affecting property located at 2600 Acton Highway, Granbury, Texas 76049 (the "Property").[5] A legal description of the Property is found at page Appx. 32 of defendants' appendix to the motion for summary judgment.[6]

Since 2009, plaintiff has at various times defaulted on

---

[2] Defendants filed objections to and a motion to strike portions of the affidavit of plaintiff. Plaintiff filed a response to such objections and motion to strike. Taking into consideration such filings, the court has given the summary judgment evidence the appropriate weight.

[3] Doc. 1 at Exh. C-1.

[4] Doc. 1.

[5] Doc. 62 at Appx. 9-33.

[6] Id. at Appx. 32.

mortgage payments on the Property.[7] U.S. Bank is the current
holder of the note and beneficiary of the security instrument and
Ocwen is the current servicer. At various times, plaintiff and
defendants, and their predecessors, have engaged in attempts to
modify plaintiff's loan, and at times plaintiff has been approved
for a trial modification and permanent modification, however, the
loan has never been permanently modified.[8] Over the course of
these modification efforts, defendants withdrew more than one
payment during some months in 2009.[9] Plaintiff has not made a
payment on the note since October 2010.[10] Defendants, and their
predecessors, have at times sent plaintiff notices of default and
acceleration.[11] On December 15, 2011, plaintiff and her then-
husband, commenced an action similar to this one against Ocwen's
predecessor and U.S. Bank, but they voluntarily non-suited the
action due to the filing of bankruptcy by Ocwen's predecessor.[12]
On April 15, 2014, defendants sent the most recent notice of

---

[7] Id. at Appx. 86-92.

[8] Doc. 15 at 3-5, 12-14; Doc. 61 at 5-6.

[9] Doc. 62 at Appx. 86-88. The facts surrounding these withdrawals are unclear.

[10] Id. at Appx. 86-92.  It is unclear why plaintiff has been in default for such a long time and the Property has not yet been foreclosed upon.

[11] Id. at Appx. 215, 217, 283, 287-88.

[12] Id. at Appx. 234-253, 261.

acceleration and on June 26, 2014, defendants filed an
application for expedited order under rule 736 on a home equity
loan in the 355th Judicial District Court of Hood County,
Texas.[13]

A.   Plaintiff's First Amended Complaint

The gist of plaintiff's first amended complaint is that
defendants have misrepresented the character and amount of debt
owed by plaintiff on the Property for many years and defendants
have refused to allow her to pay that debt.[14] Plaintiff alleges
defendants illegally reported plaintiff's default to credit
reporting agencies.[15] Also at issue is a loan modification that
plaintiff at various times applied for, and was approved for, but
the loan modification was never permanently made.[16]

Plaintiff asserts claims for breach of contract, common law
fraud, statutory fraud,[17] violations of Chapter 392 of the Texas
Finance Code known as the Texas Debt Collection Act ("TDCA"), and
defamation.[18] Plaintiff also claims that she is entitled to a

---

[13] Doc. 70 at Pl. Appx. 63, 283-287.

[14] Doc. 15.

[15] Id. at 5-7.

[16] Id. at 4-5.

[17] Plaintiff concedes that she cannot maintain a statutory fraud claim. Doc. 69 at 6.

[18] Doc. 15.

declaratory judgment, exemplary damages, and attorney's fees.[19]

B.    The Summary Judgment Motion

Defendants argue that they are entitled to summary judgment as to all of plaintiff's claims and their counterclaim.[20] In summary form, the arguments of defendants in their motion for summary judgment are as follows:

(1) Plaintiff's breach of contract claims fail because they are barred by the statute of limitations and because she is the breaching party. To the extent that plaintiff has stated any claims not barred, defendants have not breached the contract.

(2) Plaintiff's common law fraud claims are barred by the statute of limitations and economic loss doctrine. In addition, defendants have not acted fraudulently.

(3) Defendants have not violated the TDCA because they have not engaged in wrongful debt collection practices or misrepresented anything to plaintiff.

(4) Plaintiff's defamation claim is preempted by the Federal Credit Reporting Act, and the alleged defamatory statements are true.

(5) Plaintiff is not entitled to a declaratory judgment.

(6) Plaintiff is not entitled to damages.

---

[19] Id.

[20] Doc. 61.

(7) Summary judgment should be granted on defendants'
counterclosure for judicial foreclosure because defendants have
established a debt is owed, the debt is secured, plaintiff is in
default, and the appropriate notices of default and acceleration
were sent.

## II.

### Applicable Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides
that the court shall grant summary judgment on a claim or defense
if there is no genuine dispute as to any material fact and the
movant is entitled to judgment as a matter of law. FED. R. CIV.
P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247
(1986). The movant bears the initial burden of pointing out to
the court that there is no genuine dispute as to any material
fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986).
The movant can discharge this burden by pointing out the absence
of evidence supporting one or more essential elements of the
nonmoving party's claim, "since a complete failure of proof
concerning an essential element of the nonmoving party's case
necessarily renders all other facts immaterial." Id. at 323.

Once the movant has carried its burden under Rule 56(a), the
nonmoving party must identify evidence in the record that creates
a genuine dispute as to each of the challenged elements of its

case. Id. at 324; see also FED. R. CIV. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 597 (1986).

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of law. Celotex, 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita, 475 U.S. at 597; see also Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc) (explaining the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict).

III.

Analysis

A.   Breach of Contract

To sustain a breach of contract action under Texas law the plaintiff must show: (1) the existence of a valid contract, (2) plaintiff performed or tendered performance under the contract, (3) breach by defendant, and, (4) damages. Mullins v. TestAmerica, Inc., 564 F.3d 386, 418 (5th Cir. 2009) (quotations omitted) (quoting Aguiar v. Segal, 167 S.W.3d 443, 450 (Tex. App.—Houston [14th Dist.] 2005, pet. denied)). Plaintiff asserts breach of contract against defendants for: (1) withdrawing more than one payment per month, (2) improperly applying loan installment payments, (3) wrongfully refusing to accept properly tendered mortgage payments, (4) modifying or changing the loan or terms of the loan without written authorization of all parties, and (5) erroneously reporting plaintiff to credit reporting agencies.[21] Defendants are entitled to summary judgment as to each of these theories.

Under Texas law, a four year statute of limitations applies

---

[21]   Doc. 15 at 15-16. Plaintiff appears to raise new grounds for breach of contract in her response to the motion for summary judgment including, the assessment of fees, not recognizing a change of address, and that defendants demanded amounts in excess of that which is due. Doc. 69 at 16. Plaintiff does not explain these claims with any clarity and cannot raise breach of contract claims in the response that are not raised in the complaint. In any event, late fees were expressly authorized by the note. Doc. 62 at Appx. 11.

to a breach of contract claim. TEX. CIV PRAC. & REM. CODE § 16.004 (West 2015). A breach of contract claim accrues at the time of the breach. Stine v. Stewart, 80 S.W.3d 586, 592 (Tex. 2002) (citations omitted). In this action, plaintiff filed her complaint on September 5, 2014, thus, any claims for breach of contract that accrued prior to September 5, 2010, are barred by the four year statute of limitations.[22] See Jeanbaptiste v. Wells Fargo Bank, N.A., No. 3:14-CV-264-K, 2014 WL 2158415, at * 8 (N.D. Tex. May 22, 2014); Bessant v. Wells Fargo Bank, Nat'l Ass'n, No. 4:13CV306, 2014 WL 2996276, at * 5 (E. D. Tex. July 3, 2014).

Plaintiff's claim that defendants wrongfully withdrew more than one payment per month is barred by limitations. Plaintiff alleges that defendants withdrew funds from her accounts more than once a month during various months in 2009.[23] These allegations took place more than four years prior to plaintiff filing this action and are barred.

Plaintiff's claim that defendants wrongfully refused payments is also barred by the statute of limitations for breach of contract. Plaintiff made only one payment within the applicable window of the statute of limitations, the October 2010

---

[22] Doc. 1.

[23] Doc. 15 at 4-5, 10-12.

payment.[24] The October 2010 payment was accepted.[25] Plaintiff's affidavit states that she mailed payments in January and February of 2011 but neither payment was cashed or showed up as being received.[26] The mere allegation that plaintiff sent payment does not raise a fact issue as to whether defendants improperly refused the payments and plaintiff adduced no evidence to support this theory. Thus, no issue of fact exists as to whether or not defendants wrongfully refused plaintiff's payments.

As to plaintiff's allegation that the contract was breached because defendants did not properly apply payments, the court agrees with plaintiff that "[i]t is very difficult using Defendants' records to determine for sure how payments were applied . . . ."[27] However, plaintiff has failed to demonstrate how defendants breached the contract in this respect. It appears that plaintiff is contending that the payments were not properly credited in their allocations to interest, principal, and escrow.[28] The only payment that plaintiff made that is within the

---

[24] Doc. 62 at Appx. 90, 190-91.

[25] Id. at Appx. 90.

[26] Doc. 70 at Pl. Appx. 111-12.

[27] Doc. 69 at 17.

[28] Id. at 16-17.

applicable limitations period is the October 2010 payment.[29] Plaintiff does not explain how she thinks the October 2010 payment should have been allocated. The October 2010 payment was in part credited to interest, in part credited to principal, and in part credited to escrow.[30] Thus, plaintiff has not shown a material fact as to the application of the October 2010 payment.

Plaintiff also alleges that defendants are in breach of contract for attempting to unilaterally modify the loan without the consent of all parties. The record indicates that the loan has never been modified so the consent of all parties was not necessary. Furthermore, nothing in the contract prevents a modification of the loan. Thus, there is no fact question as to a breach of contract claim on this ground.

Plaintiff's contention that defendants breached the contract by wrongfully reporting her to a credit reporting agency also fails. Again, any breach based on credit reporting before September 5, 2010 is time barred. In addition, plaintiff has not made a payment since October 2010, so any credit reporting after this date would be based on past due payments and, thus, not in violation of the contract.

---

[29] Id. at Appx. 90, 190-91.

[30] Doc. 62 at 90.

B.   Common Law Fraud

To state a claim for common-law fraud, plaintiff must allege that (1) the defendants made a false material representation, (2) knowingly or recklessly, (3) that was intended to induce plaintiff to act upon the representation, and (4) plaintiff actually and justifiably relied upon the representation and suffered injury.  Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co., 51 S.W.3d 573, 577 (Tex. 2001).

1.   Statute of Limitations

As with her breach of contract claims, many of plaintiff's common law fraud claims are barred by the statute of limitations. In Texas, the limitations period for common law fraud is four years. TEX. CIV. PRAC. & REM CODE § 16.004(a)(4) (West 2015). No common law fraud claims related to conduct prior to September 5, 2010 may be maintained. Thus, plaintiff's claims based on defendants' alleged statements in January of 2009, July of 2009, and on March 11, 2009 are barred.

2.   Notice of Rescission

Plaintiff asserts claims that one basis of common law fraud is that following a notice of rescission given by defendants, defendants continued to treat the note as accelerated.[31] This

---

[31] Doc. 15 at 18.

allegation is contradicted by the evidence. Following the notice of rescission, defendants sent multiple statements to plaintiff indicating that less than the full amount was due on the loan.[32] In addition, a notice of default was sent after the notice of rescission.[33] Thus, defendants clearly did not continue to treat the note as accelerated following the notice of rescission.

    3.   Inconsistent Statements

Finally to the extent that any of the common law fraud claims based on defendants' statements are not barred by the statute of limitations, plaintiff alleges that during various telephone calls and other communications with defendants' representatives she was given contradictory or misleading information.[34] However, plaintiff has failed to raise a fact issue as to whether these communications amounted to fraud. Even if all the other allegations related to these claims were true, plaintiff has failed to show that defendants intended that plaintiff would act on these false representations or that she was injured by her reliance on any false representations. The fact remains that plaintiff has not paid on the note since October 2010 and has at all times since then owed some amount of

---

[32] Doc. 62 at Appx. 107-20.

[33] Id. at Appx. 156-79.

[34] Doc. 15 at 18-19.

money to defendants.

4.   Credit Reporting

Plaintiff asserts a common law fraud violation based on defendants reporting her default to credit reporting agencies.[35] In order to establish common law fraud, defendants must make a false representation. Plaintiff's last payment on the note was in October 2010, thus, plaintiff has been in default at all times in which she alleges common law fraud because of credit reporting.[36] Plaintiff has not raised a fact issue as to whether any of defendants' statements to credit reporting agencies were false. Therefore, summary judgment must be granted as to plaintiff's common law fraud claims.

C.   TDCA Claims

Plaintiff contends that defendants violated sections 392.301, 392.303, and 392.304 of the Texas Finance Code. It appears that plaintiff has thrown nearly every provision of the TDCA that might apply to this situation at defendants hoping that something might stick. However, the court finds that there is no fact issue related to a purported violation of the TDCA.[37]

---

[35] Id. at 18.

[36] Doc. 62 at Appx. 86-92.

[37] Interestingly, plaintiff cites no authority in her response to the motion for summary judgment to support her position with regard to the TDCA claims, other than the relevant provisions of the TDCA.

1.   <u>TDCA § 392.301</u>

Section 392.301 provides that a debt collector may not use "threats, coercion, or attempts to coerce" that include any of a list of prohibited practices. TEX. FIN. CODE ANN. § 392.301 (West 2015). As to this claim, and all of the claims under the TDCA, it is unclear what conduct plaintiff is alleging violates which section of the TDCA.

Plaintiff does specifically mention §§ 392.301(a)(7) and 392.301(a)(8). Section 392.301(a)(7) prohibits "threatening that nonpayment of consumer debt will result in seizure, repossession, or sale of the person's property without proper court proceedings," and 392.301(a)(8) prohibits "threatening to take an action prohibited by law." TEX. FIN. CODE ANN. §§ 392.301(a)(7) & 392.301(a)(8) (West 2015). It appears that these claims are related to defendants' actions in moving to foreclose on the Property, "engag[ing] in actions to collect money . . . that was not owed," failing to properly accept payments, failing to properly validate debt, and demanding money that was not owed.[38]

Plaintiff has not alleged that defendants threatened seizure, repossession or sale of property without proper court proceedings. Accordingly, § 392.301(a)(7) does not apply.

---

[38] Doc. 15 at 21-22.

Plaintiff seems to imply that defendants' attempts to initiate foreclosure proceedings on the Property through court proceedings violated the TDCA. Foreclosure is not an action prohibited by law. Under section 392.301(b), a debt collector is not prevented from "threatening to institute civil lawsuits or other judicial proceedings to collect a consumer debt" or from "exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings." TEX. FIN. CODE ANN. § 392.301(b) (West 2015). Defendants had authority to foreclose on the Property as holder of the note and mortgage servicer, so their actions in that regard did not violate section 392.301(a)(8). More importantly, plaintiff has not come forward with any summary judgment evidence to support such a claim.

    2.   <u>TDCA § 392.303</u>

    Plaintiff alleges a violation of 392.303(a)(2). Under section 392.303(a)(2), a debt collector "may not use unfair or unconscionable means" that involve "collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer." TEX. FIN. CODE ANN. § 392.303(a)(2) (West 2015). Plaintiff's allegation under

16

this section of the TDCA is an almost verbatim recitation of the statute:

> "[t]he TDCA prohibits the use of unfair or unconscionable means in collecting a debt including, attempting to collect interest, a fee, a charge or an expense incidental to the obligation unless the fee, charge, or expense is expressly authorized by the agreement creating the obligation or is legally chargeable to the consumer."[39]

No further information is provided and the court is puzzled as to what interest, fee, charge, or expense defendants have imposed on plaintiff that is not legally chargeable to a consumer. While the response to the motion for summary judgment mentions a late fee, late fees are expressly chargeable to the consumer under the note.[40] Plaintiff has put forth no argument to the contrary or raised a fact issue as to this claim.

3. **TDCA § 392.304**

Plaintiff alleges a violation of §§ 392.304(a)(8), 392.394(a)(12), 392.304(a)(14), and 392.304(a)(19). It appears defendants' alleged actions related to these claims are "misrepresenting the character, extent or amount of a consumer debt or misrepresenting the consumer's debt status in a judicial or governmental proceeding; representing that attorney fees,

---

[39] Doc. 15 at 22.

[40] Doc. 62 at Appx. 11.

investigation fees, service fees, or other charges may be added
to a consumer debt when those charges are not authorized by
written statute or contract; falsely representing the status or
nature of the services rendered by the debt collector or the debt
collector's business or using any other false representation or
deceptive means to collect a debt."[41]

It appears that the actions related to these purported
violations are what plaintiff contends are refusals to accept
payments, attempts at loan modification, misstating of the facts,
debt and payment history during a previous proceeding to
foreclose on the Property, and application of payments.[42]
Plaintiff's response to the motion for summary judgment indicates
that the alleged prohibited actions of defendants fall most
clearly within § 392.304(a)(19).[43] Section 392.304(a)(19)
prohibits a debt collector from "using any other false
representation or deceptive means to collect a debt or obtain
information concerning a consumer," and has been referred to as
the "catch-all" provision of section 392.304.  Wiley v. U.S.
Bank, N.A., No. 3:11-CV-1241-B, 2012 WL 1945614, at *11 (N.D.
Tex. May 30, 2012). All of the claims asserted by plaintiff under

---

[41] Doc. 15 at 22-23.

[42] Doc. 69 at 33.

[43] Id. at 32.

392.304 relate to misrepresentation.[44] For a statement to be considered a misrepresentation under the Finance Code, the defendant must have made an affirmative false or misleading assertion. <u>Obuekwe v. Bank of Am., N.A.</u>, No. 4:11-CV-762-Y, 2012 WL 1388017, at *7 (N.D. Tex. Apr. 19, 2012) (citing <u>Narvaez v. Wilshire Credit Corp.</u>, 757 F. Supp. 2d 621, 632 (N.D. Tex. 2010)).

Considering the substance of defendants' alleged statements, while the pleadings and summary judgment evidence may indicate potential incompetence or less-than-efficient business practices, no facts are alleged that can rise to the level of an affirmative misrepresentation by the defendants under § 392.304. Accordingly, the court finds that summary judgment is warranted on all of plaintiff's TDCA claims.

D.   <u>Defamation</u>

Plaintiff also claims that by reporting plaintiff was in default when she was not, defendants' written statements constitute libel per se.[45] State defamation claims are pre-empted by the Federal Credit Reporting Act, unless defendants acted "with malice or wilful intent to injure such consumer." 15 U.S.C. § 1681(h)(e). Plaintiff has not established a fact question as to

---

[44] Doc. 15 at 21-23.

[45] <u>Id.</u> at 23-24.

19

whether defendants acted with malice in reporting plaintiff to credit reporting agencies. Furthermore, a statement is defamatory only if it is false, which plaintiff bears the burden to prove. El-Khoury v. Kheir, 241 S.W.3d 82, 85 (Tex. App.--Houston [1st Dist.] 2007, pet. denied). Although plaintiff contends some of the reports to credit reporting agencies are false, plaintiff has failed to direct the court to any evidence in the summary judgment record to prove either the falsity of the statements or to prove that plaintiff has made the payments. Accordingly, summary judgment is warranted on this claim.

E.    Request for Declaratory Relief

Plaintiff also seeks a number of declarations as to the parties' rights and obligations. A declaratory judgment action requires the parties to litigate some underlying claim or cause of action. The declaratory judgment is not itself a cause of action, only a form of relief the court may grant. See Collin Cnty., Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods, (HAVEN), 915 F.2d 167, 171 (5th Cir. 1990). Here, the court has granted summary judgment as to all of the underlying claims and causes of action asserted against all defendants, leaving nothing on which to base plaintiff's request for declaratory relief.

F.   Exemplary Damages

Because the court has granted summary judgment as to all of plaintiff's claims, there is nothing on which to base plaintiff's claim for exemplary or other damages.

G.   Attorney's Fees

Because the court has granted summary judgment on all of plaintiff's claims, there is nothing on which to base her claim for attorney's fees.

H.   Defendants' Motion for Summary Judgment as to Counterclaim

Defendants argue that they are entitled to summary judgment on their counterclaim for foreclosure asserted in the state court proceeding. Plaintiff argues that defendants are not entitled to a foreclosure order because plaintiff's husband is not a party to the action and is a necessary party for foreclosure. However, plaintiff is a proper party to this action, and the court finds that an order authorizing a foreclosure sale against plaintiff's interest in the Property, as contemplated by § 51.002 of the Texas Property Code, should be issued.

"To foreclose under a security instrument in Texas with a power of sale, the lender must demonstrate that: (1) a debt exists; (2) the debt is secured by a lien created under Art. 16 § 50(a)(6) of the Texas Constitution; (3) plaintiffs are in default under the note and security instrument; and (4) plaintiffs received notice of default and acceleration." Huston v. U.S.

Bank, Nat'l Ass'n, 988 F. Supp. 2d 732, 740 (S.D. Tex. Dec. 19, 2013) (citing TEX. PROP. CODE § 51.002 (West 2015)), aff'd, 583 F. App'x 306 (5th Cir. 2014). The summary judgment evidence supporting the counterclaim is undisputed. Thus, summary judgment is being granted as to defendants' counterclaim.

## IV.

### Order

Therefore, for the reasons given above,

The court ORDERS that defendants' motion for summary judgment as to plaintiff's claims and causes of action against defendants be, and is hereby, granted; that plaintiff takes nothing on her claims and causes of action against defendants; and that such claims and causes of action be, and are hereby, dismissed with prejudice.

The court further ORDERS that defendants' motion for summary judgment as to defendants' counterclaim be, and is hereby, granted and that defendants may proceed, and are hereby authorized, to conduct a foreclosure sale in the manner contemplated by § 51.002 of the Texas Property Code as to plaintiff's interest in the Property.

SIGNED April 20, 2016.

JOHN McBRYDE
United States District Judge

22